MURPHY (LENG v.). See Case No. 8,242.

## Case No. 9,950a.

MURPHY v. LEWIS et al.

[Hempst. 17.] [1]

Superior Court, Territory of Arkansas. Aug., 1822.

EXECUTION—UNAUTHORIZED BY JUDGMENT—MISTAKE—POWER OF COURT TO CORRECT.

1. An execution issued on a judgment which does not authorize it, may be quashed on mo-

tion, and the money made thereon ordered to be refunded; but where there is only a clerical mistake. this cannot be done. for the execution may be corrected by the court, so as to conform to the judgment.

2. The power of the court to correct errors and mistakes in executions is unquestionable, and necessarily belongs to every court of record.

Motion [by Benjamin Murphy against Eli J. Lewis and Daniel Mooney, executors of Samuel Mosely, deceased] to quash an execution.

Before JOHNSON, SCOTT, and SELDEN, JJ.

OPINION OF THE COURT. This is a motion by the defendants to quash the execution and have the money refunded, the amount having been collected by the sheriff and paid over to the plaintiff. We have no doubt the execution issued for a greater sum than the judgment authorized; for instead of six per centum as damages upon the dissolution of the injunction, the execution is for six per centum per annum, thereby making a material difference in the amount against the defendants. For the defendants it has been contended, that. as the execution is erroneous, it ought to be quashed, and the money made thereon refunded. We are, however, of a different opinion. If the judgment had not authorized the emanation of an execution at all, or there had been no judgment, then it would be irregular to sue out one, and in such a case the doctrine contended for would be correct. But when there is only a clerical mistake in the execution, it may be corrected by the court, so as to make it conform to the judgment. Of the power to correct errors or mistakes in executions, there can be no doubt. In the case of Smith v. Carr, Hardin, 308, the court of appeals of Kentucky say: "The power of correcting the ministerial acts of its own officers necessarily and incidentally belongs to every court, and has always been exercised. as well before as since the formation of the present constitution." The case referred to was one of an erroneous execution. In the case before this court, to order the whole of the money to be refunded, would be more than law or justice require. For what purpose should we require the whole of the money to be restored? That another execution might issue. and the true amount again be made and paid over to the plaintiff? We can perceive no good reason for a course of this kind. and no authority has been found to warrant it. We are therefore of opinion, that the mistake in the execution should be corrected, and that Murphy refund to Lewis and Mooney the amount which he has received above the sum for which the execution ought to have issue. Ordered accordingly.

[1] [Reported by Samuel H. Hempstead, Esq.]